New York County National Bank, Appellant, *v.* Vincent De Luca, Respondent.

First Department, December 29, 1916.

**Practice — stay of proceeding pending determination of appeal in prior action — action upon promissory note.**

The trial of an action on a promissory note brought by a plaintiff who claims to be a *bona fide* holder for value, which fact is denied by the defendant, should not be stayed pending the determination of an appeal in a prior suit in equity brought by the defendant against the plaintiff and others to set aside an alleged fraudulent sale of stock for which the note in suit was given as part of the consideration, where in the former suit the plaintiff's attorney specifically withdrew the charge that the present plaintiff had any notice at the time of the transfer of the note of any alleged defense thereto and there is no pretense that there is any new evidence tending to show that the plaintiff is not a *bona fide* holder and the defendant has not filed an affidavit of merits.

Appeal by the plaintiff, New York County National Bank, from an order of the Supreme Court, made at the New York

Special Term and entered in the office of the clerk of the county of New York on the 8th day of November, 1916, staying the trial of this action pending the hearing and determination of an appeal in an action brought by the defendant herein against the plaintiff herein and others, wherein the complaint was dismissed.

*Abram J. Rose,* for the appellant.

*Louis F. Dodd,* for the respondent.

SMITH, J.:

This action is brought upon a promissory note made by the defendant, of which the plaintiff claims to be a *bona fide* holder for value. The answer alleges that the note was procured from the defendant by fraud, and that the plaintiff took with knowledge of this fact. Prior to the bringing of this action this defendant brought a suit in equity against the Atlantic Macaroni Company and others, including this plaintiff, to set aside as fraudulent the sale to this defendant of certain stock in a corporation for which the note here in suit was given as a part of the consideration, the complaint alleging that the bank took with full knowledge of the fraud. In that action an order was granted enjoining this plaintiff from proceeding to the collection of the note other than by protesting the same. That action was brought to trial, and upon the trial De Luca's attorney specifically withdrew the charge made in the complaint that the bank had any notice at the time that it took the note in question of any of the alleged defenses thereto. No evidence was offered to charge the defendant with such notice, and the court specifically found that this plaintiff bank, as defendant in that action, was a *bona fide* holder of the note. In the affidavits presented in this action by this defendant for the purpose of procuring this stay there is no pretense that the defendant has any new information, or will attempt to make any proof that this bank is not a *bona fide* holder of the note, and there is no affidavit of merits.

In view of the admissions made upon the trial of the equity action of the *bona fides* of the plaintiff and without allegation

of the discovery of any new facts which would throw doubt upon its rights, we see no ground whatever for staying this action. There is no pretense that the bank is not abundantly responsible if, upon discovery of any further facts, it could be proven that the plaintiff was not a *bona fide* holder for value of the note in question.

The order granting the stay should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and DAVIS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.